IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:  COLIN EDWARD MACMILLAN and CASSANDRA GRACE MACMILLAN,<br><br>        Debtors.<br><br>PATRICIA E. HAMILTON, Trustee of the Estate of Colin Edward MacMillan and Cassandra Grace MacMillan, Debtors,<br><br>        Appellant,<br><br>        v.<br><br>COLIN EDWARD MACMILLAN and CASSANDRA GRACE MACMILLAN,<br><br>        Appellees. | CIVIL ACTION<br><br>No. 15-4008-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on the appeal of the Chapter 7 Trustee who objects to debtors' attempt to exempt -- as tools of the trade -- a website and a number of digital images. The bankruptcy court held that both the website and the digital photographs were electronic documents eligible for exemption under K.S.A. § 60-2304(e), and that because they were necessary for the primary occupation of Cassandra Grace MacMillan, the debtors were entitled to the exemption.   For the following reasons, the Court affirms.

    I.    Background

Debtors are Colin Edward MacMillan and Cassandra Grace MacMillan, husband and wife. Colin is a photographer who works for a company named ImageMakers. He has a side photography business, a sole proprietorship named MacMillanWorks. Cassandra helps

MacMillanWorks with bookkeeping and promotional work and buying supplies. Cassandra handles all of the accounting for the business. MacMillanWorks does not pay Cassandra for her work. On the side, she works as a nanny.

As part of their bankruptcy filings, debtors submitted an Amended Schedule C which claimed a website and certain digital images of MacMillanWorks as exempt assets under K.S.A. § 60-2304(e). That statute provides that Kansas residents may exempt "documents . . . tools, implements and equipment . . . or the other tangible means of production regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation in an aggregate value not to exceed $7,500."

The Trustee objected that the website and the digital images do not qualify as "tangible means of production" under K.S.A. § 60-2304(e) and that they did not relate to Colin's primary occupation with ImageMakers. Doc. #2, Attach. #10 at 6. The Trustee argued that while the images may be "manipulated in a variety of ways . . . they are not tools in the sense that Mr. MacMillan will use them to create goods which can be sold post petition." Doc. # 2, Attach. #21 at 97.

After an evidentiary hearing, the bankruptcy court determined that the website and digital photographs were electronic documents eligible for exemption under K.S.A. § 60-2304(e), and that because they were necessary for Cassandra's primary occupation with MacMillanWorks, the debtors were entitled to the exemption. In re MacMillan, 2015 WL 148339 at *1 (Bankr. D.Kan. Jan. 9, 2015). The bankruptcy court noted that exemption laws must be liberally construed in favor of exemption and that the objecting party has the burden of proving that an exemption is not proper. Id. at *2.

In response to the Trustee's contention that the alleged tools of the trade were not "tangible means of production," the bankruptcy court concluded that no "tangibility requirement" applied to items specified in § 60-2304(e). Id. It held that in today's electronic era, digital images and websites should be treated as electronic documents "amenable to exemption under § 60-2304(e)." Id. The bankruptcy court sidestepped the Trustee's argument that the website and the images were not related to Colin's primary occupation, noting that the Trustee had not responded to the debtors' argument that Cassandra could claim them as tools of the trade for her primary occupation. Id. at *3-4.

II.     Standard of Review

When sitting in an appellate capacity, the Court has the authority to affirm, reverse, modify or remand the bankruptcy court ruling. 28 U.S.C. § 158(a). The Court reviews the bankruptcy court's legal determinations *de novo* and its factual findings for clear error. In re Baldwin, 593 F.3d 1155, 1159 (10th Cir. 2010).

III.    Analysis

The Trustee's first argument for reversal is that the website and digital images are not tools of the trade under K.S.A. § 60-2304(e) because they are stock in trade rather than means of production.  The Trustee also notes that the bankruptcy court did not find that either debtor used the images as tools or implements in conducting their business.  The Trustee next contends that Cassandra cannot claim an exemption because she did not claim an ownership interest in the website or images.

The Trustee is correct that the bankruptcy court did not address the Trustee's argument that the allegedly exempt items were not "tools" used as means of production, and this Court could remand this matter for factual findings on that issue.  The facts regarding debtors' use of

3

the website and images appear to be clear and undisputed, however, remand is not necessary. See In re Young, 91 F.3d 1367, 1373 (10th Cir. 1996).

Colin testified that the images in question, which are contained on the website of MacMillanWorks, are like a business card or a portfolio for his photography business. Doc. # 2, Attach. 21 at 24 and 66. Potential customers look at the images and may decide to do business with MacMillanWorks. Id. at 24-25, and 51. On the website, a customer may also select images to purchase or license. Id. at 25, 33-34 & 83. While this testimony may suggest that the images are a product as opposed to a means of production, the Court believes that liberally constructed, K.S.A. § 60-2304(e) would encompass the website and images as exempt. Kansas case law does not limit tools-of-the-trade protection to means of production or a narrow definition of that concept. The "use" of the items in question is the critical issue. See In re Heape, 886 F.2d 280, 283 (10th Cir. 1989). Here, the undisputed evidence is that the images served an integral purpose as a business card or portfolio to attract business for MacMillanWorks. Thus, the website and images are exempt under K.S.A. § 60-2304(e).[1]

Here, the Court has what is arguably a "dual purpose" item -- the images serve as a portfolio or a business card, and they are also for sale. According to Colin, his primary means of

---

[1] Kansas courts have often considered means of conveyance as opposed to means of production to be exempt. See In re Currie, 34 B.R. 745, 748 (D.Kan. 1983)(pickup truck for calf operation); In re Frierson, 15 B.R. 157, 159 (Bankr.D.Kan. 1981)(two trucks and automobile for concrete and asphalt business); Dowd v. Heuson, 122 Kan. 278, 252 P. 260, 261-62 (1927)(auto used by construction company foreman); White v. Germany, 47 Kan. 741, 28 P. 1011, 1011 (1892)(bus of hotel-keeper). Therefore the Court does not believe that an exempt "tool" must be used to "produce" something for sale. It is sufficient if the allegedly exempt item is necessary for carrying out the owner's business. See In re Heape, 886 F.2d at 282-83 (quoting Reeves & Co. v. Bascue, 91 P. 77 (Kan. 1907)). Thus, in Bequillard v. Bartlett, 19 Kan. 382, 386-87 (Kan. 1877), the court held that showcases were potentially necessary to a jeweler's business and that a jury should decide whether they were exempt from attachment. And in Williams v. Vincent, 79 P. 121, 122 (Kan. 1905), the court held that an abstractor could claim an iron safe as an exempt tool or implement necessary to the exercise of his trade or business.

selling a photograph is to print the digital image on paper or other surface, sign the printed copy and deliver it to the buyer.  Doc. #2, Attach. 21 at 25, 30-31.  This process involves some steps of production beyond creating and storing the digital images. The Court therefore finds that the images are not final products subject to sale.  Furthermore, other courts have held that items which have dual business and personal uses may qualify as tools of the trade.  Dowd, 252 P. at 262.

The Trustee contends that Cassandra cannot claim an exemption in the website and digital images because she did not claim an ownership interest in them.  The Trustee argues that Kansas law does not provide for co-ownership of all assets used in connection with a business.  The bankruptcy court disagreed, reasoning as follows:

> Trustee provided no evidence to suggest that the items in question were not tools of the trade for Debtor Cassandra's primary occupation, as Debtors argued during the evidentiary hearing. Generally, both debtors in a joint debtor case may claim the exemptions available under Kansas law. More specifically, the Court notes the long line of "farmer's wife" cases, which establish that a spouse, engaged together in an occupation with the other spouse, is able to claim the Kansas tools-of-the-trade exemption for property used to run that business if that business is the primary occupation for the spouse claiming the exemption.

MacMillan, 2015 WL 148339 at *3 (footnote omitted).

As the bankruptcy court pointed out, the Trustee has the burden to establish that Cassandra cannot claim this exemption.  The Court agrees with the bankruptcy court that the Trustee did not satisfy that burden.  The Trustee focused primarily upon the contention that because MacMillanWorks is a sole proprietorship, Cassandra had no ownership interest in the business, the website or the digital images.  Again, as the bankruptcy court pointed out, the test for determining whether a husband or wife own certain property in a business is not based upon the type of business entity they have formed.  Rather,

> the test for co-ownership for purposes of the tools of the trade exemption is not whether a spouse can demonstrate he or she acquired an ownership interest by purchase with separate property, gift or inheritance . . . . Instead, the debtors' intent and conduct controls.

In re Lampe, 331 F.3d 750, 755 (10th Cir. 2003).

In Lampe, the bankruptcy court found that the debtors were principally engaged in farming but denied the tools of the trade exemption to the debtor farm wife because she had no co-ownership interest in the tools of the trade. The Bankruptcy Appellate Panel disagreed, and the Tenth Circuit affirmed. In re Lampe, 278 B.R. 205 (10th Cir. BAP 2002), aff'd, 331 F.3d 750 (10th Cir. 2003). The Tenth Circuit held that both spouses could claim the exemption because the trustee had not met the burden of showing either a lack of ownership or the existence of a partnership. Lampe, 331 F.3d at 756-57.

The Trustee seeks to distinguish Lampe. The Court agrees that Lampe is factually distinct, but the bankruptcy court correctly applied the standard which it articulated. Based on the debtors' intent and conduct, the bankruptcy court applied Lampe's "farm wife" exemption to the MacMillans. The Trustee had the burden to show that Cassandra could not claim the exemption, and the Court agrees that the Trustee failed to meet this burden. This evidence demonstrated that Cassandra was "an integral part of the business" of MacMillanWorks. MacMillanWorks did not pay her for her work -- a fact which provides support for the argument that she was not its employee, but rather a co-owner. Given the lack of other evidence before the bankruptcy court, the Court is persuaded that the Trustee failed to show that Cassandra is not entitled to this exemption.

In sum, the Court affirms the decision of the bankruptcy court.

**IT IS SO ORDERED.**

Dated this 11th day of December, 2015, at Kansas City, Kansas.

                                                    s/ Kathryn H. Vratil
                                                    KATHRYN H. VRATIL
                                                    United States District Judge